# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY POPSON<br>Plaintiff,<br><br>v.<br><br>MIDLAND FUNDING, LLC,<br>ASSIGNEE OF HOUSEHOLD<br>Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>(Unlawful Debt Collection Practices) |

## COMPLAINT

COMES NOW, ANTHONY POPSON ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MIDLAND FUNDING, LLC, ASSIGNEE OF HOUSEHOLD ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained therein.

3. Defendant conducts business in Pennsylvania and as such, personal jurisdiction is established.

PLAINTIFF'S COMPLAINT

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.'

## PARTIES

6. Plaintiff is a natural person residing at 801 Stonehedge Meadows Drive, Ridgway, Pennsylvania 15853.

7. Defendant is a law firm specializing in debt collection with its principal place of business located at 8875 Aero Drive, San Diego, CA 92123

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

10. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C. § 1692 *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or

unconscionable conduct, both generally and in a specific list of disapproved practices.

11. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

12. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

13. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

14. Defendant and others it retained commenced in 2009 to make a series of numerous harassing telephone calls to Plaintiff at his home phone number in an attempt to collect an underlying consumer debt.

15. Defendant and others it retained told Plaintiff he was being called because it was an emergency and made false and deceptive representations when attempting to collect the claimed debt.

16. Plaintiff disputed to Defendant and others it retained the amount of the underlying consumer debt and any penalties and interest imposed.

17. Defendant continued to attempt collection after Plaintiff disputed the debt and failed to provide supporting documentation or explanation.

18. Defendant failed to provide Plaintiff with written notice within five (5) days after its initial communication with Plaintiff regarding collection of the alleged debt, advising him of his right to dispute the debt and/or request validation.

PLAINTIFF'S COMPLAINT

# CONSTRUCTION OF APPLICABLE LAW

19. The FDCPA is a strict liability statute. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, 74 F. 3d 30 (2d Cir. 1996); *see also Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); *Clomon v. Jackson*, 988 F. 2d 1314 (2d Cir. 1993).

20. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §§1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F. 3d 1107 (10th Cir. 2002).

21. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F. 2d 107 (3d Cir. 1991); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." *Id.* The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against

deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. *Clomon,* 988 F. 2d at 1318.

# COUNT I
# DEFENDANT VIOLATED THE
# FAIR DEBT COLLECTION PRACTICES ACT

22. Defendant violated the FDCPA based on the following conduct:

    a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse in violation of 15 U.S.C §§1692d; d(1); d(6);

    b) Engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number violation of 15 U.S.C. §1692;

    c) Misrepresenting the amount of the debt in violation of § 1692e(2);

    d) Making deceptive, false or misleading representations when attempting to collect a debt in violation of 15 U.S.C. §§1692e; and e(5);

    e) Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. §1692f;

    f) The collection of amounts expressly not permitted by law in violation of 15 U.S.C.§1692f(1); and

    g) Failing to send written notice of the alleged debt, in accordance with 15 U.S.C. §1692(g)(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, ANTHONY POPSON, respectfully prays for a judgment as follows:

    a.     Declaratory judgment that Defendant's conduct violated the FDCPA;

    b.     All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    c.     Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    d.     All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3); and

    e.     Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, and any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

PLAINTIFF'S COMPLAINT

|     |                         |                                      |
| --- | ----------------------- | ------------------------------------ |
| 1   |                         | RESPECTFULLY SUBMITTED,              |
| 2   | DATED: April 8, 2010    | KIMMEL & SILVERMAN, P.C.             |

By: /s/ Christina Gill Roseman
Christina Gill Roseman
Attorney ID # PA 71492
Kimmel & Silverman, P.C.
210 Grant Street, Suite 202
Pittsburgh, PA 15219
Phone: (412) 566-1001
Fax: (412) 566-1005
Email: croseman@lemonlaw.com

PLAINTIFF'S COMPLAINT